**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LISANDRA SANCHEZ FIGUERDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-01392-JD |

**ORDER**

Before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.") [Doc. No. 1] and Respondents' Response in Opposition ("Response") [Doc. No. 6]. Respondents ask the Court to deny the petition because Petitioner has not raised any claim that would entitle her to a bond hearing, nor does she raise any statutory claim that would be governed by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Response at 1–2. Upon review, the Court DISMISSES the petition for failure to comply with Rule 2(c) of the Rules Governing 28 U.S.C. § 2254 Cases.[1]

**DISCUSSION**

Rule 2(c) of the Rules Governing 28 U.S.C. § 2254 Cases states in relevant part that "[t]he petition must," among other things, "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

requested." Here, the petition does not state any specific grounds for relief. It does not indicate whether a request for a bond hearing was made or identify the statutory provision pursuant to which Petitioner was detained. It does not allege that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), challenge the government's application of that provision, or contend that her detention is instead governed by 8 U.S.C. § 1226(a). Nor does the petition allege facts regarding any prior custody or bond determination or any other circumstances that would permit the Court to determine that her continued detention violates federal law or the Constitution.

Rather, Petitioner simply asserts that she "was detained by ICE illegally and for no reason" at her check-in on January 9, 2026. Pet. at 6. She asks the Court "to release [her]." *Id.* at 7. Because the petition fails to identify a cognizable legal basis for Petitioner's requested release, dismissal without prejudice is appropriate.

**CONCLUSION**

For these reasons, the Court DISMISSES Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] without prejudice to refiling. A separate judgment will follow.

IT IS SO ORDERED this 9th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE